IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NEHEMIAH J.D. JACKSON,
    Petitioner,

v.                                                   No. 3:19-cv-997-N (BT)

BRIAN COLLIER, *TDCJ Executive Director*,
    Respondent.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    Petitioner Nehemiah Jackson, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be TRANSFERRED to the Fifth Circuit Court of Appeals as successive

I.

    Petitioner challenges his 2006 conviction for possession with intent to deliver a controlled substance, with a deadly weapon finding. *State of Texas v. Jackson*, No. F05-60136-VK (Crim. Dist. Ct. No. 4, Dallas County, Tex., June 23, 2006). He was sentenced to thirty year's confinement. On June 26, 2008, the Fifth District Court of Appeals affirmed his conviction and sentence. *Jackson v. State*, No. 05-06-01127-CR (Tex. App. – Dallas June 26, 2008). He did not file a petition for discretionary review. On April 29, 2015, Petitioner filed a habeas corpus

1

petition under 28 U.S.C. § 2254. *Jackson v. Davis*, No. 3:15-cv-1977-G (BH) (N.D. Tex.). On June 6, 2017, the district court dismissed the petition as time-barred. Petitioner did not file an appeal. On April 17, 2019, Petitioner filed this § 2241 petition, in which he challenges his state conviction by arguing the evidence was insufficient and the indictment was unlawfully constructively amended.

II.

Although Petitioner filed this petition under § 2241, it should be construed as a petition filed under § 2254. Where a petitioner is in custody and challenges a state court conviction, § 2254 applies to his petition. *See Hopes v. Davis*, 761 F. App'x 307, 310 (5th Cir. 2019) (citing *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015).

Petitioner's § 2254 petition is a successive petition, and the Court therefore lacks jurisdiction to consider the petition. "A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id.* at 836-38. To determine whether a petition is second or successive, the court must analyze whether the challenge presented in a second habeas petition occurred before the petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

Here, Petitioner argues the evidence was insufficient to support the conviction and the indictment was unlawfully constructively amended. These claims arose prior to the filing of Petitioner's first § 2254 petition. This petition is therefore successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

III.

The petition should be construed as a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, and it should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed August 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).